# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:04-CR-00277-KJD-RJJ |
| v. | **ORDER** |
| JOSEPH COPPOLA, | |
| Defendant. | |

Presently before the Court are Defendant's Motions for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g) (#94/95/97). The Government filed responses in opposition (#96/99) to which Defendant replied (#100).

Defendant correctly asserts that the Judgment of the Court finding that Defendant had been found guilty on three counts of the Superseding Indictment by a jury after trial and imposing sentence has been reversed and remanded by the Ninth Circuit Court of Appeals. Subsequent to the Court of Appeals' action, the Government moved to dismiss the Superseding Indictment with prejudice. The Court then dismissed the Superseding Indictment with prejudice. However, this Court has already granted the relief that it can in this matter by vacating the judgment and dismissing the indictment.

Simultaneous with the criminal action, the Government filed a civil Complaint for Forfeiture in Rem: 2:04-cv-1084-JCM-LRL, United States v. $1,000.00 in U.S. Currency. After no claims were

made in the civil action, a default judgment (#9) was entered in that action on December 21, 2004. That was the last action of record in the civil forfeiture proceeding.

The reversal of the defendant's criminal conviction does not release the defendant from the default judgment entered in the *civil* forfeiture case.  See United States v. One Assortment of 89 Firearms, 465 U.S. 354, 358 (1984) (defendant's acquittal did not prevent government from bringing later in rem forfeiture action even though forfeiture would only have been appropriate if jury had been convinced defendant had committed acts constituting criminal offense).  The United States sought criminal forfeiture of money in connection with a criminal case against the defendant for mail and wire fraud offenses.  At the same time, the United States initiated a parallel civil forfeiture action against the same property.  The Supreme Court has long held that the government may maintain both a civil and a criminal cause of action arising out of the same facts.  See, e.g., United States v. Ursery, 518 U.S. 267, 372 (1996); United States v. National Ass'n of Real Estate Boards, 339 U.S. 485, 493 (1950); Helvering v. Mitchell, 303 U.S. 391, 397 (1938).  Therefore, the reversal of the criminal conviction does not affect the default judgment entered in the *civil* case.

Further, this Court is without subject matter jurisdiction over the defendant's Rule 41(g) motion for return of property because the appropriate jurisdictional and statutory vehicle which must be used to vacate a civil judicial forfeiture judgment is Fed. R. Civ. P. 60(b).  See United States v. 12310 Short Circle, 162 F.R.D. 136 (E.D. Cal. 1995).  Further, Rule 41(g) motions are treated as civil equitable proceedings, and, therefore, a district court must exercise "caution and restraint" before assuming jurisdiction."  Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993) (construing former Rule 41(e)); Fed. R. Crim. P. 54(b)(5)(criminal rules do not apply to actions for civil forfeiture.).  The proper vehicle for the defendant to seek return of his money is a motion to reopen the civil forfeiture case pursuant to Fed. R. Civ. P. 60(b) in the appropriate court.

///

///

///

2

Accordingly, IT IS HEREBY ORDERED that Defendant's Motions for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g) (#94/95/97) are **DENIED**.

DATED this 4th day of April 2013.

_____
Kent J. Dawson
United States District Judge