1
2
3
4            **UNITED STATES DISTRICT COURT**
5               **DISTRICT OF NEVADA**
6                       * * *
7    UNITED STATES,                        Case No. 2:04-CR-277-KJD-RJJ
8                   Plaintiff,
                                           **ORDER**
9         v.
10   JOSEPH COPPOLA,
11                  Defendant.
12
13        Before the Court are Joseph Coppola's ("Defendant") identical Motions to Reconsider
14   (##105, 106) and Defendant's Motion to Strike #107 Response to Motion (#111). The
15   Government responded to the Motions to Reconsider (#107), and to the Motion to Strike (#112).
16   Defendant has failed to timely reply to these responses.
17   I. Motion to Strike
18        Defendant argues that the Government's response to Defendant's Motions to Reconsider
19   should be struck because Defendant did not timely receive a copy of the response. However, this
20   Court's prior order remedied the situation by requiring the Government to serve a paper copy on
21   Defendant, and granting Defendant an extended period in which to reply (#109). That time has
22   now lapsed, and Defendant has failed to reply. Defendant has suffered no prejudice and offers no
23   substantive grounds for striking the Government's response. Accordingly, Defendant's Motion to
24   Strike is **DENIED**.
25   II. Motions to Reconsider
26        First, the Court notes that Motions to Reconsider ##105, 106 are identical, and therefore

1    **DENIES** #106 as duplicative of #105.

2        A. Legal Standard

3        A court should be loathe to revisit its own decisions unless extraordinary circumstances

4    show that its prior decision was clearly erroneous or would work a manifest injustice.

5    Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is

6    embodied in the law of the case doctrine, under which "a court is generally precluded from

7    reconsidering an issue that [it] has already [] decided . . . ." United States v. Alexander, 106 F.3d

8    874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)).

9    Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior

10   decisions. Rules 59(e) and Rule 60(b) permit a district court to reconsider and amend previous

11   orders, but this is an "extraordinary remedy, to be used sparingly in the interests of finality and

12   conservation of judicial resources." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th

13   Cir. 2000) (internal quotation marks omitted).

14       Indeed, a district court should not grant a motion for reconsideration "absent highly

15   unusual circumstances," meaning unless the court is (1) "presented with newly discovered

16   evidence", (2) "committed clear error," or (3) "if there is an intervening change in the controlling

17   law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for

18   reconsideration "may *not* be used to raise arguments or present evidence for the first time when

19   they could reasonably have been raised earlier in the litigation." Kona Enter., 229 F.3d at 890

20   (emphasis in original). Mere dissatisfaction with the court's order, or belief that the court is

21   wrong in its decision, is not grounds for reconsideration. Twentieth Century–Fox Film Corp. v.

22   Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1981).

23       B. Application

24       Defendant fails to allege newly discovered evidence. Defendant further fails to allege an

25   intervening change in the controlling law. However, the Court will generously construe

26   Defendant's motion as alleging clear error. However, for the reasons explained in this Court's

prior order (#101), Defendant is incorrect.

Lastly, the Court notes that it explained to Defendant both why the Court cannot provide the requested relief, and provided some guidance to assist Defendant in seeking his property in that prior order (#101). This counsel was apparently ignored.

III. Conclusion

Accordingly, and for the above reasons, Defendant's Motion to Strike #107 Response to Motion (#111) is **HEREBY DENIED**. Further, Defendant's Motion for Reconsideration (#105) is **HEREBY DENIED**. Additionally, Defendant's Motion for Reconsideration (#106) is **HEREBY DENIED** as duplicative of #105, and as moot.

The Court further places Defendant on notice that continuing to file such meritless motions will result in restrictions on Defendant's future ability to file pleadings in this case.

DATED this 24th day of April 2014.

Kent J. Dawson
United States District Judge